# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| PENGUIN RANDOM HOUSE LLC, LAURIE HALSE ANDERSON, JOHN GREEN, MALINDA LO, JODI PICOULT, SCOTT BONZ, as parent and next friend of H.B., IOWA STATE EDUCATION ASSOCIATION, MARI BUTLER ABRY, ALYSON BROWDER, and ANDY GUTMANN<br><br>*Plaintiffs*,<br><br>v.<br><br>JOHN ROBBINS in his official capacity as President of the Iowa State Board of Education, MCKENZIE SNOW in her official capacity as Director of the Iowa State Department of Education; CHAD JANZEN in his official capacity as Chair of the Iowa State Board of Educational Examiners; URBANDALE COMMUNITY SCHOOL DISTRICT BOARD OF DIRECTORS, ROSALIE DACA, in her official capacity as Urbandale Community School District Superintendent; NORWALK COMMUNITY SCHOOL DISTRICT BOARD OF DIRECTORS, and SHAWN HOLLOWAY, in his official capacity as Norwalk Community School District Superintendent,<br><br>*Defendants*. | Case No. 4:23-cv-0478<br><br>**SCHOOL DISTRICT DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

COME NOW, Urbandale Community School District Board of Directors, Rosalie Daca, in her official capacity as Urbandale Community School District Superintendent; Norwalk Community School District Board of Directors, and Shawn Holloway, in his official capacity as

Norwalk Community School District Superintendent (collectively, "School District Defendants"), pursuant to the Court's Text Order dated December 7, 2023 [Docket No. 24], and submit the following Response to Plaintiffs' Motion for Preliminary Injunction.

**POSITION ON MOTION FOR PRELIMINARY INJUNCTION**

The School District Defendants take no position on Plaintiffs' Motion for Preliminary Injunction.

Plaintiffs are pursuing First and Fourteenth Amendment claims under 42 U.S.C. § 1983. *See* Compl. ¶ 11 [Docket No. 1]. Plaintiffs' Motion for Preliminary Injunction argues Iowa Senate File 496 is unconstitutional and requests the Court "issue a preliminary injunction restraining the Defendants from enforcing and acting in furtherance of the following sections of the Code of Iowa as enacted by Senate File 496 (2023) ("SF 496"): Iowa Code § 256.11(9) (as codified by SF 496 § 2); Iowa Code § 256.11(19) (as codified by SF 496 § 4); and, to the extent it is applied to books in school libraries and classroom collections, Iowa Code § 279.80 (codifying SF 496 § 16)." Pl. Motion at ¶ 1 [Docket No. 28].

Senate File 496 is a law duly enacted by the Iowa legislature and signed into law by Governor Kim Reynolds.[1] The School District Defendants do not have discretion to decide which

---

[1] Plaintiffs' Motion for Preliminary Injunction arguments are directed at Senate File 496, and more specifically what Plaintiffs label the "Age-Appropriate Standard" and the "Identity and Orientation Prohibition," (or the "Standard" and the "Prohibition") and not at any discretionary action by the School District Defendants. Compl. ¶¶ 41–42; *see, e.g.*, Pl. Br. at 1 ("Iowa Senate File 496 (SF 496) is an unprecedented assault on school libraries. The two provisions of the law that Plaintiffs challenge in this case have resulted in the removal of hundreds of books from school libraries across the State of Iowa . . . ."); Pl. Br. at 4 ("SF 496 is a solution in search of a problem."); Pl. Br at 7 ("By subjecting both districts and their educators to penalties, SF 496 places much of the burden of enforcement on school districts, including the school district Defendants here."); Pl. Br. at 14–15 ("The Standard requires the removal of countless award-winning, classic books from school libraries based the Iowa Legislature's apparent view that any book that contains a 'description' of a sex act is 'pornography.'"); Pl. Br. at 15 ("The Standard violates students' First Amendment right to receive information . . . ."); Pl. Br. at 21 ("The Standard is a content-based restriction that is unreasonable in light of the purpose of school libraries."); Pl. Br. at 25 ("The Standard requires removal from school libraries of obscene and non-obscene books alike and therefore is unconstitutionally overbroad."); Pl. Br at 26 ("The Standard violates the Due Process Clause because it is unconstitutionally vague, failing to provide clear standards to those who are subject to the law and to those who have authority to implement and enforce the law."); Pl. Br. at 30

state laws to follow and do not have standing to question the constitutionality of state statutes. *See Exira Comm. Sch. Dist. v. State*, 512 N.W.2d 787, 790 (Iowa 1994) ("The well-settled rule in Iowa is that school districts, as political subdivisions of the state, lack standing to mount a constitutional attack against a state statute."). Iowa's school districts are "creatures of the Legislature; they exist by reason of statutes enacted within the power of the Legislature" and are without "sound basis" to "question the laws of its being." *Bd. of Sup'rs of Linn Cty. v. Dept. of Rev.*, 263 N.W.2d 227, 232 (Iowa 1978) ("'Our cases have uniformly held a county lacks the ability to mount a constitutional attack upon state legislative enactments.'" (quoting *Warren Cty. v. Judges of Fifth Jud. Dist.*, 243 N.W.2d 894, 897 (Iowa 1976))).

Furthermore, school district officials, "charged with the performance of a ministerial duty will not be allowed to question the constitutionality of such a law." *Bd. of Sup'rs of Linn Cty.*, 263 N.W.2d at 232-33.

> This rule is based largely upon governmental policy. It rests upon the theory that the court should accept as final the acts of the Legislature and discourage attacks upon them except where necessary to protect the private interests of the individual asserting invalidity and peculiarly and particularly affected thereby. Officials acting ministerially are not clothed with judicial authority. To permit them to refuse to perform their duty on the ground that the commanding law is unconstitutional would be a dangerous practice, in that they who have only ministerial duties would be raising questions affecting the rights of third persons while they themselves would have no direct interest in the question and could not in any event be made responsible.

*Id.* at 233 (quotation omitted).

In accordance with the above, the School District Defendants take no position on Plaintiffs' Motion for Preliminary Injunction.

---

("The Prohibition is ambiguous and overbroad."); Pl. Br. at 33 ("The Prohibition infringes on the First Amendment rights of publishers and authors . . . .").

/s/ *Miriam Van Heukelem*

Miriam D. Van Heukelem (AT0010074)
Lindsay A. Vaught (AT0010517)
Emily Kolbe (AT0012313)
Logan S. Brundage (AT0014942)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309
(515) 243-7611
(515) 243–2149 (fax)
mvanheukelem@ahlerslaw.com
lvaught@ahlerslaw.com
ekolbe@ahlerslaw.com
lbrundage@ahlerslaw.com
**ATTORNEYS FOR SCHOOL DISTRICT DEFENDANTS**

**Electronically filed and served.**

| CERTIFICATE OF SERVICE |
|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on: December 19, 2023 |

| By: | ☐ U.S. Mail | ☐ Fax |
|---|---|---|
|  | ☐ Hand delivery | ☐ Private Carrier |
|  | ☒ Electronically (*via CM/ECF*) | ☐ E–mail |
| Signature: | /s/ *Rachel Ogden* | |