## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

PENGUIN RANDOM HOUSE LLC, LAURIE )
HALSE ANDERSON, JOHN GREEN, )
MALINDA LO, JODI PICOULT, SCOTT BONZ )
as parent and next friend of HAILIE BONZ, )
IOWA STATE EDUCATION ASSOCIATION, )
MARI BUTLER ABRY, ALYSON BROWDER, )
AND DANIEL GUTMANN, )
                                )
        Plaintiffs, )
                                )
        v. )
                                )
JOHN ROBBINS in his official capacity as )
President of the Iowa State Board of Education, )
MCKENZIE SNOW in her official capacity as )
Director of the Iowa State Department of )
Education, CHAD JANZEN in his official )
capacity as Chair of the Iowa State Board of )
Educational Examiners, URBANDALE )
COMMUNITY SCHOOL DISTRICT BOARD )
OF DIRECTORS, ROSALIE DACA, in her )
official capacity as Urbandale Community School )
District Superintendent, NORWALK )
COMMUNITY SCHOOL DISTRICT BOARD )
OF DIRECTORS, AND SHAWN HOLLOWAY, )
in his official capacity as Norwalk Community )
School District Superintendent, )
                                )
        Defendants. )

Case No. 4:23-cv-00478-SHL-SBJ

**MOTION FOR LEAVE
TO AMEND COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs Penguin Random House LLC, Laurie Halse Anderson, John Green, Malinda Lo, Jodi Picoult, Scott Bonz as parent and next friend of Hailie Bonz, Iowa State Education Association, Mari Butler Abry, Alyson Browder, and Daniel Gutmann, by their attorneys, move for leave to amend their original complaint. In support of their motion, Plaintiffs state as follows:

       1.      On November 30, 2023, Plaintiffs filed their complaint, alleging that defendants

{02108005.DOCX}}}}

John Robbins in his official capacity as President of the Iowa State Board of Education, McKenzie Snow in her official capacity as Director of the Iowa State Department of Education, Chad Janzen in his official capacity as Chair of the Iowa State Board of Educational Examiners (collectively the State Defendants"), and defendants Urbandale Community School District Board Of Directors, Rosalie Daca in her official capacity as Urbandale Community School District Superintendent, Norwalk Community School District Board Of Directors, and Shawn Holloway in his official capacity as Norwalk Community School District Superintendent (collectively the "School District Defendants") had violated Plaintiffs' First and Fourteenth Amendment rights in connection with the book removal provisions in Senate File 496.  (ECF No. 1.)

2.      On December 20, 2023, the School District Defendants moved to dismiss Plaintiffs' complaint.  (ECF No. 46.)

3.      On January 17, 2024, following the Court's grant of Plaintiffs' motion for preliminary injunction prohibiting enforcement of the book removal provisions of Senate File 496 (ECF No. 56), Plaintiffs and the State Defendants jointly moved to stay all case deadlines while the State Defendants appealed the Court's preliminary injunction order to the Eighth Circuit.  (ECF No. 62.)

4.      That same day, the Court granted Plaintiffs and the State Defendants' Joint Motion To Stay.  (ECF No. 63.)

5.      On February 5, 2024, the Court partially lifted the stay "to allow the completion of briefing and an eventual ruling on the School District Defendants' Motion to Dismiss" and set deadlines for Plaintiffs' response to the Motion To Dismiss and the School District Defendants' Reply In Support Of Their Motion To Dismiss for February 27, 2024 and March 8, 2024, respectively.  (ECF No. 67.)

6.      Following the Court's lift of the stay, the School District Defendants refiled their Motion To Dismiss.  (ECF No. 69.)

7.      In their Motion To Dismiss, the School District Defendants contend that Plaintiffs' complaint (1) does not sufficiently allege that the School District Defendants have a policy or custom that is the moving force behind Plaintiffs' injuries, (2) alleges that the School District Defendants are following state law as they are required to do, and (3) contains claims against individual school district superintendents that are duplicative of claims against the school district entities.  (ECF No. 69.)

8.      In lieu of resisting the School District Defendants' Motion To Dismiss, Plaintiffs seek leave to file the amended complaint that is attached as Exhibit A.  Attached as Exhibit B is a comparison showing changes between Plaintiffs' original complaint and Plaintiffs' proposed amended complaint.

9.      Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleading with the Court's leave, which the Court "should freely give . . . when justice so requires."  Denial of leave to amend is appropriate only where the non-moving party can demonstrate "undue delay, bad faith on the part of the moving part[y], futility of the amendment, or unfair prejudice to the non-moving party." *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001).  No such concerns exist here.

10.    With regard to the School District Defendants' first and second arguments, Plaintiffs' proposed amended complaint adds allegations concerning the School District Defendants' policies and customs, in the form of their respective book removal lists and any guidance leading to the creation of those lists, in connection with the book removal provisions in Senate File 496.  Those policies and customs go beyond the already-unconstitutional requirements

of Senate File 496, resulting in the removal of books that the State Defendants assert are not required to be removed under the law and demonstrating that the School District Defendants are not merely enforcing state law as they contend.

11.     With regard to the School District Defendants' third argument, Plaintiffs' proposed amended complaint also clarifies that the individual school district superintendent defendants have significant authority and discretion under their school boards' policies to implement state laws such as Senate File 496, and therefore that Plaintiffs' claims against the individual school district superintendent defendants are not duplicative of the claims against the school district entities. *See Fayetteville Pub. Libr. v. Crawford Cnty., Arkansas*, No. 5:23-CV-05086, 2023 WL 4849849, at *2 (W.D. Ark. July 29, 2023) (refusing to dismiss First Amendment claims against municipality and individual official defendants where those defendants "will play a significant role in implementing and enforcing" the state statute because the plaintiff's "injuries will result from the enforcement of [the state statute] and will thus be traceable" to those defendants).

12.     Plaintiffs' proposed amended complaint does not alter Plaintiffs' prior allegations against the State Defendants.

13.     Plaintiffs have not unduly delayed seeking leave to amend.  Plaintiffs are bringing this motion shortly following the Court's partial lift of the stay and within the time set by the Court for their resistance to the School District Defendants' Motion To Dismiss.

14.     Counsel for Plaintiffs contacted counsel for the State Defendants, who do not oppose Plaintiffs' request to file an amended complaint, and counsel for the School District Defendants, who stated that they would resist Plaintiffs' request to file an amended complaint.

WHEREFORE, Plaintiffs request that the Court grant them leave to file the proposed amended complaint attached as Exhibit A.

Dated:  February 26, 2024

THE WEINHARDT LAW FIRM

By: /s/ Mark E. Weinhardt
     Mark E. Weinhardt     AT0008280
     Todd M. Lantz     AT0010162
     Jason R. Smith     AT0014862
     2600 Grand Avenue, Suite 450
     Des Moines, Iowa 50312
     Telephone: (515) 244-3100
     mweinhardt@weinhardtlaw.com
     tlantz@weinhardtlaw.com
     jsmith@weinhardtlaw.com

     Frederick J. Sperling
     Adam J. Diederich
     Kirstie Brenson
     Meera Gorjala
     ArentFox Schiff LLP
     233 South Wacker Drive, Suite 7100
     Chicago, Illinois 60606
     Telephone: (312) 258-5500
     frederick.sperling@afslaw.com
     adam.diederich@afslaw.com
     kirstie.brenson@afslaw.com
     meera.gorjala@afslaw.com
     (admitted *pro hac vice*)

     *Attorneys for Plaintiffs*

     Christy A.A. Hickman   AT0000518
     Becky S. Knutson     AT0004225
     Katherine E. Schoolen   AT0010031
     Iowa State Education Association
     777 Third Street
     Des Moines, Iowa 50309
     Telephone: (515) 471-8004
     Christy.Hickman@isea.org
     Becky.Knutson@isea.org
     Katie.Schoolen@isea.org

     *Attorneys for the Educator Plaintiffs*

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy all attorneys of record on February 26, 2024 via CM/ECF.

By:  /s/  Maura McNally-Cavanagh

{02108005.DOCX}}}}