UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| PENGUIN RANDOM HOUSE LLC, LAURIE HALSE ANDERSON, JOHN GREEN, MALINDA LO, JODI PICOULT, SCOTT BONZ as parent and next friend of HAILIE BONZ, IOWA STATE EDUCATION ASSOCIATION, MARI BUTLER ABRY, ALYSON BROWDER, and DANIEL GUTMANN,<br><br>    Plaintiffs,<br>v.<br><br>JOHN ROBBINS in his official capacity as President of the Iowa State Board of Education, MCKENZIE SNOW in her official capacity as Director of the Iowa State Department of Education, CHAD JANZEN in his official capacity as Chair of the Iowa State Board of Educational Examiners, URBANDALE COMMUNITY SCHOOL DISTRICT BOARD OF DIRECTORS, ROSALIE DACA in her official capacity as Urbandale Community School District Superintendent, NORWALK COMMUNITY SCHOOL DISTRICT BOARD OF DIRECTORS, and SHAWN HOLLOWAY in his official capacity as Norwalk Community School District Superintendent,<br><br>    Defendants. | CIVIL NO. 4:23-cv-00478-SHL-SBJ<br><br><br><br>ORDER |

## I. INTRODUCTION

Before the Court is a Motion for Leave to Amend Complaint (Dkt. 70) filed by plaintiffs. As explained within the motion, plaintiffs request leave to file an amended complaint "in lieu of resisting" a Motion to Dismiss (Dkt. 69) filed by certain defendants referred to as the "School District Defendants." According to plaintiffs, the proposed amendments are in response to

contentions raised within the Motion to Dismiss and do not alter their prior allegations against the other "State Defendants." Plaintiffs maintain they have not unduly delayed seeking leave to amend and note they filed their motion shortly following the Court's partial lift of the stay of the case and within the time for their resistance to the Motion to Dismiss. Their proposed amended complaint is attached to the motion.

The School District Defendants filed a resistance (Dkt. 71) asserting the doctrine of judicial estoppel prevents plaintiffs' proposed amended complaint. In support they contend: plaintiffs' proposed amendments are inconsistent with their position in seeking injunctive relief; plaintiffs successfully obtained preliminary injunctive relief and should not be permitted to now take a contrary position to defeat the Motion to Dismiss; and plaintiffs' proposed amendments following the preliminary injunction would impose an unfair detriment on the School District Defendants. They further assert the proposed amended complaint is futile because it fails to cure the issues raised in the Motion to Dismiss.

Plaintiffs filed a reply (Dkt. 72) disputing their proposed amendments are futile and contending judicial estoppel has no application. The State Defendants have not filed a response to plaintiffs' motion.

The Court considers the motion to be fully submitted. Oral argument by counsel is not necessary. L.R. 7(c). For the reasons which follow, plaintiffs are granted leave to file their proposed amended complaint.

## II. COURT'S ANALYSIS & DECISION

Plaintiffs request leave to amend their complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) which provides:

> a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2). As instructed by the United States Supreme Court, the mandate of Rule 15(a)(2) "is to be heeded":

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Eighth Circuit, "[g]iven the courts' liberal viewpoint towards leave to amend, it should normally be granted absent good reason for a denial." *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) (referring to *Foman* for "classic" good reasons to deny leave); *see also In re Target Corp. Sec. Litig.*, 955 F.3d 738, 744 (8th Cir. 2020) ("'A court abuses its discretion when it denies a motion to amend a complaint unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'") (quoted citation omitted).

But a party does "'not have an absolute or automatic right to amend.'" *Axline v. 3M Co.*, 8 F.4th 667, 676 (8th Cir. 2021) (quoted citation omitted); *see also Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) ("there is no absolute right to amend"); *Thompson–El v. Jones,* 876 F.2d 66, 67 (8th Cir. 1989) ("The policy favoring liberal allowance of amendment does not mean that the right to amend is absolute."). A court may deny "a motion for leave to amend when there are 'compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Anderson v. Bank of the West*, 23 F.4th 1056, 1060 (8th Cir. 2022) (quoted citation omitted); *see also, e.g., Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008).

As with all rules of procedure, Rule 15(a)(2) "should be construed, administered, and

employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Doing so here, under the particular circumstances of this litigation, the interest of justice supports granting plaintiffs leave to amend their complaint. The record does not establish plaintiffs have acted with undue delay or in bad faith or with a dilatory motive in seeking to amend their complaint at this early procedural stage of the case. Notably, a scheduling order and discovery plan has yet to be entered. In addition, allowing plaintiffs to amend their complaint will not unfairly or unduly prejudice defendants. The proposed amendments are in response to, and an attempt to cure, pleading deficiencies raised by defendants themselves.

In that regard, it is correct the "'denial of leave to amend . . . may be justified if the amendment would be futile.'" *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (quoting *Geier v. Missouri Ethics Comm'n*, 715 F.3d 674, 678 (8th Cir. 2013). But such a determination is outside the authority of this Magistrate Judge. As repeatedly noted by the Eighth Circuit, when leave to amend is denied on the basis of futility, "'it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6).'" *Doe v. Dardanelle Sch. Dist.*, 928 F.3d 722, 727 (8th Cir. 2019) (quoting *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (internal quotation marks omitted)); *see also, e.g.*, *Hillesheim*, 897 F.3d at 955; *Moody v. Vozel*, 771 F.3d 1093, 1095-56 (8th Cir. 2014) (quoting *Zutz*); *J-McDaniel Const. Co., Inc. v. Mid-Continent Cas. Co.*, 761 F.3d 916, 919 (8th Cir. 2014) (same); *Hintz v. JPMorgan Chase Bank*, 686 F.3d 505, 511 (8th Cir. 2012) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 781-82 (8th Cir. 2008)). The dispositive issues raised by defendants as to alleged futility and application of the doctrine of judicial estoppel are beyond the scope of this Magistrate Judge's authority and, instead, are for consideration and disposition by the United States District Judge assigned to this case. *See* L.R.

72. In addition, the matters related to preliminary injunctive relief and entry of a stay were addressed and ruled upon by the District Judge. Consequently, the interests of justice and judicial efficiency will be better served by allowing the filing of plaintiffs' amended complaint to which defendants may then assert dispositive challenges under applicable rules for consideration by the District Judge.

### III. CONCLUSION AND ORDER

For those reasons, and as a procedural matter only, plaintiffs' Motion for Leave to Amend Complaint (Dkt. 70) is granted, without prejudice to defendants reasserting their dispositive challenges in a responsive pleading or any other appropriate pleading or motion during the litigation. Plaintiffs are granted leave to file their proposed amended complaint and shall do so by April 1, 2024.

IT IS SO ORDERED.

Dated March 28, 2024.

_____
STEPHEN B. JACKSON, JR.
UNITED STATES MAGISTRATE JUDGE