**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| PENGUIN RANDOM HOUSE LLC; et al.,<br>*Plaintiffs*,<br>v.<br>JOHN ROBBINS, in his official capacity of the Iowa State Board of Education; et al.,<br>*Defendants.* | Case No. 4:23-cv-00478<br><br>**STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT** |

**COME NOW** Defendants, John Robbins, in his official capacity as President of the Iowa State Board of Education, McKenzie Snow, in her official capacity as Director of the Iowa Department of Education, and Chad Janzen, in his official capacity as Chair of the Iowa Board of Educational Examiners, (collectively the "State Defendants") move to dismiss Plaintiffs' third amended complaint (Dkt. 132) under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs failed to state a plausible claim for relief.

1. On May 26, 2023, Governor Reynolds signed into law Senate File 496 (S.F. 496). The Library Section requires each school district to adopt a kindergarten through twelfth grade library program that contains "only age-appropriate materials," and it excludes from the definition of "age-appropriate" any material with "descriptions or visual depictions of a sex act." Iowa Code §§ 256.11(9)(*a*)(2), 256.11(19)(*a*)(1).
2. Plaintiffs have twice sought to preliminarily enjoin enforcement of the Library Section, and the Eighth Circuit has twice vacated the resulting injunctions. *GLBT Youth in Iowa Sch. Task Force v. Reynolds*, 114 F.4th 660, 671 (8th Cir. 2024); *Penguin Random House, LLC v. Robbins*, 172 F.4th 581, 588 (8th Cir. 2026).
3. Plaintiffs now bring as applied challenges to the removal of nine books from the high school libraries of three Iowa school districts. Dkt. 132 ¶ 1. Plaintiffs further seek declaratory relief, injunctions barring enforcement of the Library Section as to the nine

books, and an order returning the books to school library shelves. *Id.* at ¶ 8. And Van Gundy separately seeks nominal damages. *Id.* ¶ 230.

4. For the reasons of law and fact set forth in the attached Brief in Support of State Defendants' Motion to Dismiss filed contemporaneously herewith, this Court should dismiss Plaintiffs' claims against State Defendants for failure to plead plausible claims.
5. The Court should dismiss all counts because no Plaintiff's First Amendment rights are implicated.
   a. Students have no First Amendment right to receive particular books from a public school library. *Robbins*, 172 F.4th at 586. And Plaintiffs authors and publishers plead that their rights are derivative of students' rights. Dkt. 132 ¶ 7.
   b. A school library's decisions about which books to keep on its shelves are also government speech, which the Free Speech Clause does not regulate. *See Pleasant Grove City v. Summum*, 555 U.S. 460, 467 (2009).
6. Even if Plaintiffs' First Amendment rights were implicated, Counts I through VII should be dismissed as to State Defendants.
   a. Plaintiffs state no claim as to the six books they allege that fall outside the Library Section. On Plaintiffs' own theory, school officials misread Iowa law. And *Pennhurst* bars a federal court from instructing state officials on how to conform their conduct to state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).
   b. The injunctive relief Plaintiffs seek as to those six books would also be an improper obey the law injunction that Federal Rule of Civil Procedure 65(d) does not permit. And the principle of constitutional avoidance counsels resolving those claims on narrower, state-law grounds, including the review procedures S.F. 496 provides. Iowa Code § 279.77(1)(*b*).
7. Counts VI through X should be dismissed.
   a. Plaintiffs' claims as to the three books that they plead fall within the Library

Section also fail. Removing books containing descriptions of sex acts from school libraries is reasonably related to legitimate pedagogical concerns and thus satisfies *Hazelwood*. *Robbins*, 172 F.4th at 587–88; *Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260, 273 (1988).

b. The same is true of Nineteen Minutes, to the extent the Court finds it within the Library Section's scope.

8. Finally, Count VII should be dismissed as to State Defendants. Van Gundy as a former student lacks any First Amendment right to receive particular books from a public school library. More, sovereign immunity bars her claim for nominal damages. *See also* Dkt. 132 at 51 ¶ J. She has graduated, State Defendants are sued only in their official capacities, and *Ex parte Young* permits only prospective relief. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

**WHEREFORE**, State Defendants pray this Court dismiss Plaintiffs' Third Amended Complaint in its entirety as to State Defendants.

September 28, 2026 Respectfully submitted,

BRENNA BIRD
Attorney General of Iowa

ERIC WESSAN
*Solicitor General*

PATRICK C. VALENCIA
*Deputy Solicitor General*

*/s/Ankit Pal*
Ankit Pal
*Assistant Solicitor General*
Iowa Department of Justice
Hoover State Office Building
Des Moines, Iowa 50319
(515) 281-5164 / (515) 281-5132
(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov
patrick.valencia@ag.iowa.gov
ankit.pal@ag.iowa.gov

ATTORNEYS FOR STATE DEFENDANTS

*Original filed electronically.*
*Copy electronically served on all parties of record.*